IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| FONTAINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Ct. No. 19-00154 |
| UNITED STATES, | ) |
| Defendant. | ) |

**ORDER**

On consideration of plaintiff's motion to enforce the Court's judgment and petition for a writ of *mandamus*, ECF No. 49, defendant's response and all other pertinent papers, it is hereby

ORDERED that plaintiff's motion is denied; and

ORDERED that the Department of Commerce shall publish a notice of an amended final determination that would continue to suspend Fontaine's future entries at cash deposit rate of zero percent during the pendency of this litigation, including any appeals and remands, until this case results in a final and conclusive decision.

Dated: _____                                   _____
     New York, NY                                                    CHIEF JUDGE

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| FONTAINE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Ct. No. 19-00154 |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO ENFORCE THE COURT'S JUDGMENT**

Six days before Fontaine filed its motion to enforce the Court's judgment, ECF No. 49, the United States indicated to Fontaine that it would not oppose an order to cease the collection of countervailing duty cash deposits on Fontaine's softwood lumber entries, if Fontaine were to file a motion under USCIT R. 60(b)(6) seeking relief for "any other reason that justifies relief." Attachment. The parties' dispute appears to be related entirely to civil procedure. As a result, two weeks have passed during which Fontaine's entries have continued to be entered with countervailing duty cash deposits collected, even though Fontaine could have filed an unopposed motion. Moreover, now that Fontaine chose to pursue a motion to enforce the Court's judgment and petition for a writ of *mandamus*, the Court and the parties must devote resources to litigating what appears to be a purely academic inquiry. We still do not oppose an order to cease the collection of countervailing duty cash deposits (which could be achieved by continuing suspension of Fontaine's entries at a cash deposit rate of zero percent) but respectfully disagree that the United States has a "clear duty" to publish an additional *Timken* notice under 19 U.S.C. § 1516a(e) or that a writ of *mandamus* is warranted.

BACKGROUND

In 2018, Commerce published a countervailing duty (CVD) order covering certain softwood lumber products from Canada. *Certain Softwood Lumber Products from Canada,* 83 Fed. Reg. 347 (Jan. 3, 2018) (amended affirm. CVD determ. and Order). In response to certain Canadian producers' and exporters' requests, Commerce initiated an expedited review under 19 C.F.R. § 351.214(k). *Certain Softwood Lumber Products from Canada,* 84 Fed. Reg. 32,121 (Jul. 5, 2019) (final results of expedited review) (Final Results). There, Commerce calculated an above *de minimis* countervailing duty rate for Fontaine. *Id*.

After this case was consolidated with other matters, this Court issued judgment on August 18, 2021, wherein this Court ordered Commerce to "issue a Timken-like notice…consistent with the requirements set forth in 19 U.S.C. § 1516a(c)(1)…." ECF No. 194, Ct. No. 19-00122; *see also Committee Overseeing Action for Lumber International Trade Investigations or Negotiations v. United States*, 535 F.Supp.3d 1336 (Ct. Int'l Trade 2021). Commerce subsequently issued such notice in the Federal Register on August 30, 2021. *Certain Softwood Lumber Products from Canada: Notice of Court Decision Not in Harmony With the Final Results of Countervailing Duty Expedited Review; Notice of Rescission of Final Results of Expedited Review; Notice of Amended Cash Deposit Rates*, 86 Fed. Reg. 48,396 (Dep't of Commerce Aug. 30, 2021) (CVD Expedited Review Timken). After further proceedings that ultimately sustained Commerce's authority to conduct expedited reviews of countervailing duty orders under 19 C.F.R. § 351.214(k), the Court remanded for Commerce to reassess Fontaine's countervailing duty rate. *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 701 F.Supp.3d 1334, 1362 (Ct. Int'l Trade 2024). On remand, Fontaine obtained a *de minimis* countervailing duty rate, which the Court sustained. *Comm. Overseeing*

*Action for Lumber Int'l Trade Investigations or Negots. v. United States*, --- F.Supp.3d ----, No. 19-00122, 2025 WL 325764, at *8 (Ct. Int'l Trade Jan. 21, 2025).

The Court then severed this matter from the consolidated case and entered judgment on March 13, 2025. ECF No. 47.

## ARGUMENT

We do not object to the Court ordering Commerce to instruct U.S. Customs and Border Protection (CBP) to cease collection of countervailing duty cash deposits on Fontaine's softwood lumber entries in this particular case. However, although we do not oppose such relief here, the Court's judgment does not compel this result.

Fontaine first contends that the judgment must be given immediate effect because, should any party appeal from the judgment, then the appellate court would likely affirm for failure to exhaust remedies before the agency or trial court. Mot. 6-9 (citing among other authorities *Viraj Grp., Ltd. v. United States*, 343 F.3d 1371, 1376 (Fed. Cir. 2003)). Nevertheless, the Court's judgment is not final and conclusive until the appeals period has expired. Moreover, parties to this case have not yet waived their appeals rights.

In any event, Fontaine's request that the Court expedite enforcement of its judgment presumes that the relief that Fontaine seeks (issuance of a *Timken* notice) is required by the Court's judgment. We respectfully disagree. Commerce has already issued the statutorily-required notice. CVD Expedited Review Timken. Following this Court's judgment on August 18, 2021, Commerce published the CVD Expedited Review Timken, notifying the public of this Court's decision that was not "in harmony" with Commerce's underlying determination. *Id.* The purpose of a *Timken* notice, apart from the fact that it is statutorily required under 19 U.S.C. § 1516a(e), is to notify public that Commerce's determination is no longer presumed correct, and

3

that liquidation should no longer take place in accordance with Commerce's prior decision and is suspended as of the date of the relevant Court decision. *Timken v. United States*, 893 F.2d 337, 341-42 (Fed. Cir. 1990). Once Commerce satisfies this statutory requirement, it need not issue multiple subsequent notices, despite the fact that there may be additional changes to the procedural posture of the case, but instead awaits a final and conclusive Court decision in the case. *Id.* (describing the statutory scheme as avoiding a "yo-yo" effect of multiple decisions). In *Diamond Sawblades*, the Federal Circuit explained that "the effect of that notice . . . is to suspend liquidation of the subject entries until there is a final and conclusive court decision in the action, i.e., until judicial review proceedings of the {countervailing} duty order have been completed." *Diamond Sawblades*, 636 F.3d at 1381 (citing 19 U.S.C. § 1516a(e)). Here, Commerce complied with this statutory requirement and with the binding precedent from the Federal Circuit because it issued the required *Timken* notice and will liquidate in accordance with a final and conclusive Court decision in this case.[1]

    Moreover, as explained in *Diamond Sawblades*, the statutory provision that creates an obligation to publish a *Timken* notice, 19 U.S.C. § 1516a(c)(2), deals with liquidation of entries and carries significance when liquidation of entries is not enjoined by the Court. 19 U.S.C. § 1516a(c)(2); *Diamond Sawblades*, 636 F.3d at 1380 ("The judicial review provisions analyzed in *Timken*, 19 U.S.C. § 1516a(c) and (e), dealt only with liquidation . . . ."). Indeed, 19 U.S.C. § 1516a(c), is entitled "Liquidation of Entries" and subparagraph (c)(2) is entitled "Liquidation in accordance with determination." 19 U.S.C. § 1516a(c). Similarly, 19 U.S.C. § 1516a(e) is entitled "Liquidation in Accordance With Final Decision." 19 U.S.C. § 1516a(e). However,

---

[1] Fontaine does not contend that the CVD Expedited Review Timken does not apply to this case, nor does Fontaine acknowledge its existence.

4

Fontaine's motion, which seeks to require Commerce publish a second *Timken* notice, has nothing to do with liquidation of its entries. Indeed, not only are Fontaine's entries enjoined[2] from liquidation, but Commerce already published a *Timken Notice* and this Court's judgment expressly provides that the subject entries enjoined in this action (ECF No. 11) must be liquidated in accordance with the final court decision, *including all appeals*, consistent with the requirements in section 516A(e) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e) (2018). Judgment (ECF No. 47) at 2 (emphasis added).

      Therefore, Fontaine's reliance on *Diamond Sawblades Mfrs. Coal. v. United States*, 650 F.Supp.2d 1331 (Ct. Int'l Trade 2009), *aff'd*, 626 F.3d 1374 (Fed. Cir. 2010) (*Diamond Sawblades*), and *Timken Co. v. United States*, 893 F.2d 337, 341 (Fed. Cir. 1990), at pages nine through 14 of its motion, is misplaced. Indeed, the most relevant case here is *GPX Int'l Tire Corp. v. United States*, 34 C.I.T. 1307 (2010), *aff'd*, 666 F.3d 732 (Fed. Cir. 2011), in which the Court sustained Commerce's determination to continue collecting antidumping duty cash deposits after the Court had sustained remand results setting forth a *de minimis* rate. Although unlike in *GPX*, the Government currently does not intend to appeal, that distinction is of no moment. The Court in *GPX* explained that "[g]iven the *unsettled state of the law with respect to this procedural issue*, as well as the unsettled state of the law governing the substance of this action, the court would grant a request by the government to stay pending appeal such portion of the requested judgment that would require the cessation of the collection of duties." *Id*. at 1308-09 (emphasis added).

---

[2] *Fontaine Inc. v. United States*, CIT No. 19-00154, ECF No. 11 (Sep. 4, 2019) (CBP Message No. 9249303).

As discussed above, neither *Timken* nor *Diamond Sawblades* speak to the date when the Government must cease collecting cash deposits after an adverse Court decision where the Government has already published a *Timken* notice in the case. *Timken* involved publication of notice of a Court decision not in harmony and not immediate cessation of collection of cash deposits, and, in any event, detracts from Fontaine's position. In *Timken*, the appellate court explained that, notwithstanding the requirement of earlier publication of the notice of an adverse Court decision, "since there is no way to know what the *conclusive* decision will be at the time notice of the CIT decision is published, it is necessary to suspend liquidation until there is a *conclusive* decision in the action." 893 F.2d at 341 (emphasis in original). This favors maintaining suspension until the Court's decision becomes final and "conclusive." *Diamond Sawblades* involved the imposition of a suspension of liquidation after the domestic industry had obtained an antidumping duty order on remand. Unlike this case, where Fontaine may obtain refunds of any countervailing duty cash deposits at liquidation, the petitioner in *Diamond Sawblades* would have been left with no avenue for relief for entries during the relevant period absent the suspension of liquidation.

Finally, Fontaine fails to meet the *mandamus* standard. Mot. 14-16. Fontaine acknowledges that it must establish "'(1) a clear duty on the part of the defendant to perform the act in question; (2) a clear right on the part of the plaintiff to demand the relief sought; and (3) an absence of an adequate alternative remedy.'" Mot. 14-15 (quoting *Timken*, 893 F.2d at 339). As explained above, the Government possess no "clear duty" to cease collecting cash deposits under the *GPX* holding on similar facts and *Timken*'s admonition to maintain the *status quo ante* until a decision is final and conclusive. Likewise, although Fontaine will have a clear right to non-collection of cash deposits if the Court's judgment becomes final and conclusive, it does not yet

6

possess such a right.  Additionally, Fontaine has failed to demonstrate the absence of an alternative adequate remedy.  When this litigation is final and conclusive, Fontaine's entries will be liquidated in accordance with this Court's final decision and if Fontaine's ultimate duty liability, as result of this litigation, is less than the amount of cash deposits collected, Fontaine will receive a refund of the difference plus interest. 19 U.S.C. § 1673f(b)(2) .  And finally, it may obtain the non-collection of cash deposits that it seeks now by way of an unopposed Rule 60(b)(6) motion, or it can await a final and conclusive decision in this case.

## CONCLUSION

For these reasons, we do not oppose the granting of the requested relief under USCIT R. 60(b)(6).

Respectfully submitted,

YAAKOV ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/  CLAUDIA BURKE
Deputy Director

Of Counsel
JESUS SAENZ
Senior Attorney
U.S. Department of Commerce
Office of the Chief Counsel
  for Trade Enforcement and Compliance
Washington, D.C. 20230

/s/  STEPHEN C. TOSINI
Senior Trial Counsel
Department of Justice
Civil Division, Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, D.C. 20044
tel.: (202) 616-5196
email: stephen.tosini@usdoj.gov

Dated: April 16, 2025

Attorneys for Defendant, the United States

## CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedure 2(B)(2) of the United States Court of International Trade, I certify that this response filed by the United States, contains 1,868 words, excluding those portions that do not count toward the word limitation and, thus, complies with the Court's Chambers Procedures.

/s/ Stephen C. Tosini