**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| FONTAINE INC., <br><br> Plaintiff, <br><br> and <br><br> GOVERNMENT OF CANADA AND GOVERNMENT OF QUÉBEC, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, <br><br> Defendant-Intervenor. | Before: Mark A. Barnett, Chief Judge <br> Court No. 19-00154 |

**ORDER**

Before the court is Fontaine Inc.'s ("Fontaine") motion for leave to enforce the court's judgment or, in the alternative, for a writ of mandamus. Mot. for Leave to Seek to Enforce the J., Mot. to Enforce J., and Alternative Application for Writ of Mandamus ("Mot."), ECF No. 49. By way of relief, Fontaine seeks a court order directing the U.S. Department of Commerce ("Commerce" or "the agency") to issue a Federal Register notice setting Fontaine's cash deposit rate to zero percent and stating Commerce's intent to exclude Fontaine from the underlying countervailing duty ("CVD") order. *Id.* at

16.[1]  Defendant United States ("the Government") stated that while it would not "oppose an order to cease the collection of [CVD] cash deposits" issued pursuant to USCIT Rule 60(b)(6), neither enforcement of the judgment nor issuance of a writ of mandamus is merited.  Def.'s Resp. to Pl.'s Mot. to Enforce the Ct.'s J. ("Resp.") at 1, ECF No. 51.  The court exercises jurisdiction pursuant to 28 U.S.C. § 1581(i)(1)(D) (2018 & Supp. II 2020).  The court will construe Fontaine's motion as one arising under Rule 60(b)(6) and will grant relief consistent with the terms of this Order.

      This case concerns Commerce's determination in *Certain Softwood Lumber Products From Canada*, 84 Fed. Reg. 32,121 (Dep't Commerce July 5, 2019) (final results of CVD expedited review) ("*Final Results*").  The *Final Results* reflect Commerce's expedited review of the agency's determination in *Certain Softwood Lumber Products From Canada*, 83 Fed. Reg. 347 (Dep't Commerce Jan. 3, 2018) (am. final aff. CVD determination and CVD order) ("*CVD Order*").  While litigation regarding the *Final Results* has an extensive history, for present purposes it is sufficient to note that, in *Committee Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United States* (*Coalition VIII*), 49 CIT __, __, 755 F. Supp. 3d 1317, 1327–28 (2025), the court sustained Commerce's determination on remand that resulted in a *de minimis* CVD rate for Fontaine.  Thereafter, the court granted Fontaine's

---

[1] Fontaine also requests Commerce to "direct [U.S. Customs and Border Protection ("CBP")] to refund Fontaine's CVD cash deposits with regard to CVD duties."  Mot. at 16.  The court understands this language to refer to any refund due at liquidation.  Fontaine notes that any pre-liquidation refund relief would require a separate motion on separate grounds.  *See id.* at 16 n.1.

motion to sever its case (Ct. No. 19-00154) from the lead consolidated case (Consol. Ct. No. 19-00122) and entered judgment in Court No. 19-00154.  Order (Mar. 13, 2025), ECF No. 46; J., ECF No. 47.  The Judgment sustained the *Final Results* as amended on remand in part with respect to Fontaine and ordered "the subject entries enjoined in this action (ECF No. 11) [to] be liquidated in accordance with the final court decision, including all appeals, consistent with the requirements in section 516A(e) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e) (2018)."  J. at 1–2.

Rule 60(b)(6) provides for relief from a final judgment "for any other reason," i.e., any reason other than the reasons listed in Rule 60(b)(1)–(5), "that justifies relief."  USCIT Rule 60(b)(6).  Rule 60(b)(6) requires a party to demonstrate "extraordinary circumstances."  *Marquip, Inc. v. Fosber Am., Inc.*, 198 F.3d 1363, 1370 (Fed. Cir. 1999) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)).[2]  Whether to grant relief pursuant to this rule is discretionary.  *See Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1295 (Fed. Cir. 2013).

Fontaine seeks the issuance of a *Timken* notice pursuant to 19 U.S.C. § 1516a(c) that, among other things, sets a new zero percent cash deposit rate pending a final and conclusive court decision.  *See* Mot. at 1–2.[3]  The Government indicates that

---

[2] While *Marquip* addresses Federal Rule of Civil Procedure 60(b)(6), USCIT Rule 60(b)(6) "is identical and the court may refer for guidance to the rules of other courts." *United States v. Univar USA, Inc.*, 40 CIT __, __, 195 F. Supp. 3d 1312, 1317 (2016) (citing USCIT Rule 1).

[3] A *Timken* notice is a Federal Register notice issued pursuant to 19 U.S.C. § 1516a(c)(1) and *Timken Co. v. United States*, 893 F.2d 337, 341 (Fed. Cir. 1990). Section 1516a(c)(1) states that "a notice of a decision of the United States Court of

Commerce is willing to publish amended final results with respect to Fontaine that will end the collection of cash deposits on relevant entries during the pendency of this litigation. *See* Resp. at 1, 3, 7; *id.*, Attach. at 1, ECF No. 51-1. Thus, "[t]he parties' dispute appears to be related entirely to civil procedure" and the appropriate basis for Fontaine's requested relief. Resp. at 1.

 Relief is merited pursuant to Rule 60(b)(6).[4] This case is unusual, and the circumstances are "extraordinary," with respect to its particular jurisdictional and procedural posture. While this case has proceeded akin to one under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c), this case is governed by the Administrative Procedure Act, 5 U.S.C. § 706, as amended, and jurisdiction lies under 28 U.S.C. § 1581(i). *See Coalition VI*, 665 F. Supp. 3d at 1355 (noting that although Commerce may "conduct CVD expedited reviews pursuant to section 1677f-1(e), that provision is not among the determinations listed in 19 U.S.C. § 1516a(a)(1) that are judicially reviewable pursuant to 28 U.S.C. § 1581(c)" and, thus, "Commerce's CVD expedited review determinations are reviewable pursuant to 28 U.S.C. § 1581(i)"). For those reasons the court previously directed Commerce to "issue a *Timken*-like Notice

---

International Trade, or of the United States Court of Appeals for the Federal Circuit, not in harmony with [the underlying] determination . . . shall be published within ten days from the date of the issuance of the court decision." 19 U.S.C. § 1516a(c)(1).

[4] Subparts (1) through (5) of Rule 60(b) do not provide clear grounds for relief. In *Committee Overseeing Action for Lumber Int'l Trade Investigations or Negotiations. v. United States* (*Coalition VI*), 47 CIT __, 665 F. Supp. 3d 1347 (2023), the court granted relief for certain interested parties not including Fontaine from an August 18, 2021, judgment pursuant to USCIT Rule 60(b)(5) because applying that judgment prospectively was no longer equitable. That opinion addresses a different set of circumstances, and a different judgment, from those at issue here.

rescinding the *Final Results*" after finding the expedited review procedure unlawful, *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition IV*), 45 CIT __, __, 535 F. Supp. 3d 1336, 1362–63 (2021), a decision the U.S. Court of Appeals for the Federal Circuit subsequently reversed and remanded, *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition V*), 66 F.4th 968, 979 (Fed. Cir. 2023).[5]

In substance, Fontaine contends, and the Government (and the court) agrees, that although the lifting of suspension of liquidation may not occur until *Coalition VIII* becomes final and conclusive with respect to Fontaine, the *CVD Order* no longer provides a basis for the collection of estimated countervailing duty cash deposits on Fontaine's entries of subject merchandise. *See* Mot. at 11, 15; Resp. at 1, Attach. at 1–2. This relief can be effectuated through the issuance of a court order directing Commerce to publish amended final results with respect to Fontaine. Accordingly, upon construing Fontaine's motion as one arising under Rule 60(b)(6), it is hereby

**ORDERED** that Fontaine's motion (ECF No. 49) is granted to the extent the court orders the relief set forth below and is otherwise denied; it is further

---

[5] Commerce complied with *Coalition IV* and *Coalition V* through the issuance of specific Federal Register notices. *See Certain Softwood Lumber Prods. From Can.*, 86 Fed. Reg. 48,396 (Dep't Commerce Aug. 30, 2021) (notice of ct. decision not in harmony with the [*Final Results*]; notice of rescission of [*Final Results*]; notice of am. cash deposit rates); *Certain Softwood Lumber Prods. From Can.*, 88 Fed. Reg. 85,225 (Dep't Commerce Dec. 7, 2023) (notice of reinstatement of exclusion from the [*CVD Order*]).

Court No. 19-00154 | Page 6

**ORDERED** that the U.S. Department of Commerce shall publish expeditiously notice of amended final results of CVD expedited review with respect to Fontaine that reflects the zero percent cash deposit rate determined in the agency decision on remand sustained in the court's March 13, 2025, judgment in this case; and it is further

**ORDERED** that, as provided in the March 13, 2025, judgment in this case (ECF No. 47), the subject entries enjoined in this action (ECF No. 11) must be liquidated in accordance with the final court decision, including all appeals, consistent with the requirements in section 516A(e) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e) (2018).

/s/     Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: April 18, 2025
New York, New York