Slip Op. 26-26

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FONTAINE INC., <br><br>  Plaintiff, <br><br> and <br><br> GOVERNMENT OF CANADA AND GOVERNMENT OF QUÉBEC, <br><br>  Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br>  Defendant, <br><br> and <br><br> COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, <br><br>  Defendant-Intervenor. | Before: Mark A. Barnett, Chief Judge <br> Court No. 19-00154 |

## OPINION AND ORDER

[Denying Plaintiff's motion for relief from final judgment.]

Dated: March 6, 2026

Mark B. Lehnardt, Davis & Leiman, PLLC, of Washington, DC, for Plaintiff Fontaine Inc.

Sosun Bae, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. Also on the brief were Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, and Claudia Burke, Deputy Director. Of counsel on the brief was Jesus Saenz, Senior Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Sophia J.C. Lin and Jarret Williamson, Picard Kentz & Rowe LLP, of Washington, DC, for Defendant-Intervenor Committee Overseeing Action for Lumber International Trade Investigations or Negotiations.

Barnett, Chief Judge:  Before the court is Fontaine Inc.'s ("Fontaine") motion for relief from final judgment pursuant to U.S. Court International Trade ("USCIT") Rule 60(b)(5) and (6).  Confid. Rule 60(b)(5) Mot., and Alternative Rule 60(b)(6) Mot., for Relief from Final J. ("Pl.'s Mot."), ECF No. 53.  Specifically, Fontaine seeks a court order requiring U.S. Customs and Border Protection ("CBP") to refund, prior to liquidation, countervailing duty ("CVD") cash deposits Fontaine paid while the company was subject to the CVD order on certain softwood lumber products from Canada.  *Id.* at 1.  Defendant United States ("the Government") and Defendant-Intervenor Committee Overseeing Action for Lumber International Trade Investigations or Negotiations ("the Coalition") oppose the motion.  Def.'s Resp. to Pl.'s Mot. for Relief from Final J. ("Def's Resp."), ECF No. 65; Confid. Def.-Int.'s Resp. in Opp'n to Fontaine's Mot. for Relief Under Rule 60(b)(5) and Rule 60(b)(6) ("Def.-Int.'s Resp."), ECF No. 66.  The court exercises jurisdiction in this case pursuant to 28 U.S.C. § 1581(i)(1)(D) (2018 & Supp. II 2020).  For the following reasons, the court will deny the motion.

## BACKGROUND

I. **Relevant Procedural History**

This case arises out of the U.S. Department of Commerce's ("Commerce") final results in the CVD expedited review of certain softwood lumber products from Canada. *See Certain Softwood Lumber Prods. From Can.*, 84 Fed. Reg. 32,121 (Dep't

Commerce July 5, 2019) (final results of CVD expedited review) ("*Final Results*").  In the expedited review, Commerce individually examined eight Canadian lumber producers (and their respective affiliates), including Fontaine, that were assigned the "all-others" rate of 14.19 percent in the underlying investigation.[1]  *See id.* at 32,122.  Relevant here, for the *Final Results*, Commerce calculated an above *de minimis* subsidy rate for Fontaine in the amount of 1.26 percent.  *Id.*

Several companies filed complaints challenging procedural and substantive aspects of the *Final Results*.  Fontaine commenced this case to challenge Commerce's reliance on the company's fiscal year 2014 tax returns rather than the company's fiscal year 2015 tax returns to calculate benefit for purposes of 19 U.S.C. § 1677(5).  Compl. ¶ 36, ECF No. 2.  The court consolidated this case, and others challenging the *Final Results*, under lead Court No. 19-00122.  Order (Nov. 12, 2019), ECF No. 37.  Litigation in the consolidated case resulted in a *de minimis* CVD rate for Fontaine.  *See Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition VIII*), 49 CIT __, __, 755 F. Supp. 3d 1317, 1327–28 (2025).

Following *Coalition VIII*, the court granted Fontaine's motion to sever its case from the lead consolidated case, *see* Order (Mar. 13, 2025), ECF No. 46, and entered judgment sustaining the *Final Results* as amended on remand in part with respect to Fontaine, *see* J., ECF No. 47.  Regarding Fontaine's entries covered by the period of

---

[1] Commerce's investigation determination is set forth in *Certain Softwood Lumber Products From Canada*, 83 Fed. Reg. 347 (Dep't Commerce Jan. 3, 2018) (am. final affirmative CVD determination and CVD order) ("*CVD Order*").

Court No. 19-00154                                                                                          Page 4

review for the CVD expedited review, the court ordered "the subject entries enjoined in this action (ECF No. 11) [to] be liquidated in accordance with the final court decision, including all appeals, consistent with the requirements in section 516A(e) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e) (2018)." J. at 2. The court subsequently ordered Commerce to "publish expeditiously notice of amended final results of CVD expedited review with respect to Fontaine that reflects the zero percent cash deposit rate" that Commerce calculated on remand. Order (Apr. 18, 2025) at 6, ECF No. 52. Commerce complied with the court's April 18, 2025 Order when it published *Certain Softwood Lumber Products From Canada*, 90 Fed. Reg. 18,957, 18,959 (Dep't Commerce May 5, 2025) (notice of am. final results of CVD expedited review; exclusion from CVD order) (*Am. Final Results: Fontaine*).

In the notice, Commerce excluded Fontaine from the *CVD Order*, set the company's cash deposit rate to zero, and indicated it would instruct CBP to apply that zero percent cash deposit rate to merchandise produced and exported by Fontaine. *See id.* at 18,959. Commerce further stated that if "the CIT's final judgment is not appealed or is upheld on appeal, Commerce will instruct CBP to liquidate [Fontaine's enjoined] entries" but that, "[a]t this time, Commerce remains enjoined by the CIT from liquidating certain entries." *Id.* While the court's judgment with respect to Fontaine is now final, liquidation of Fontaine's entries of subject merchandise remains suspended based on proceedings tied to the parallel antidumping duty ("AD") order. *See* Pl.'s Mot.

at 9.² The continuing suspension of liquidation, and CBP's alleged "refus[al] to provide pre-liquidation refunds," prompted Fontaine's motion. *See id.*

## II.　　*Coalition IX*, 779 F. Supp. 3d 1300

The court previously denied a motion for pre-liquidation refunds filed by certain Defendant-Intervenors in Consol. Court No. 19-00122 ("the Excluded Companies"). *See Committee Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition IX*), 49 CIT __, 779 F. Supp. 3d 1300 (2025). The Excluded Companies had relied, in part, on USCIT Rule 60(b)(5) to seek relief from the court's judgment of August 18, 2021³ in Consolidated Court No. 19-00122. *Id.* at 1307. The court denied the motion after concluding that the equities do not favor the Excluded Companies. *Id.* at 1309.⁴ The court acknowledged the potentially lengthy suspension of liquidation resulting from the parallel AD proceedings, *id.* at 1310, but found that any

---

² Fontaine acknowledged that AD duties paid on entries it made from 2017 to 2019 should "be settled soon" such that CVD cash deposits on the entries would be refunded in the normal course of liquidation. Pl.'s Mot. at 13. Since then, Commerce has issued liquidation instructions to CBP for these entries. *See* Message No. 6022402 (Jan. 22, 2026); Message No. 6022407 (Jan. 22, 2026). Accordingly, Fontaine seeks pre-liquidation refunds for cash deposits paid from 2019 pursuant to the *Final Results* until Commerce's issuance in 2025 of *Amended Final Results: Fontaine*.

³ In the judgment of August 18, 2021, the court vacated the regulation on which Commerce relied to conduct the CVD expedited review. *See Coalition IX*, 779 F. Supp. 3d at 1304 (summarizing relevant history). The Excluded Companies were, at that time, reinstated in the *CVD Order* prospectively with a corresponding cash deposit rate. *See id.* After the U.S. Court of Appeals for the Federal Circuit reversed the August 18, 2021 Judgment, the court reinstated those companies' exclusion from the *CVD Order* but denied their request for pre-liquidation refunds. *See id.* at 1309.

⁴ The court also held that Rule 60(a), the other basis invoked by the Excluded Companies, did not apply in the absence of any demonstrable clerical or other mistake in a prior court order. *See Coalition IX*, 779 F. Supp. 3d at 1308–09.

harm to the Excluded Companies would be offset by the interest they would receive on excess cash deposits paid ("the statutorily provided offset to any harm") and otherwise outweighed by the administrative burden from issuing pre-liquidation refunds, *id.* at 1310–11.

## STANDARD OF REVIEW

Rule 60(b)(5) permits the court, "[o]n motion and just terms," to "relieve a party . . . from a final judgment" when, *inter alia*, "applying it prospectively is no longer equitable." USCIT Rule 60(b)(5). In some instances, the rule "provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (citation and internal quotation marks omitted); *see also Tapper v. Hearn*, 833 F.3d 166, 170 (2nd Cir. 2016) (observing that Rule 60(b)(5) "is rooted in the traditional power of a court of equity to modify its decree in light of changed circumstances" (citation and internal quotation marks omitted)).[5] "A party seeking modification of a consent decree may meet its initial burden by showing either a significant change either in factual conditions or in law." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992). "Once a moving party has met its burden of establishing either a change in fact or in law warranting modification," the court will then consider "whether the proposed modification is suitably

---

[5] While *Tapper* addresses Federal Rule of Civil Procedure 60(b)(5), USCIT Rule 60(b)(5) "is identical and the court may refer for guidance to the rules of other courts." *United States v. Univar USA, Inc.*, 40 CIT __, __, 195 F. Supp. 3d 1312, 1317 (2016) (citing USCIT Rule 1).

tailored to the changed circumstance." *Id.* at 391.  Public interest considerations may be relevant to the latter question.  *See id.* at 392–93 ("Financial constraints . . . are a legitimate concern of government defendants in institutional reform litigation and therefore are appropriately considered in tailoring a consent decree modification.").

Rule 60(b)(6) provides for relief from a final judgment for any reason other than the reasons listed in Rule 60(b)(1)–(5) "that justifies relief."  USCIT Rule 60(b)(6).  Rule 60(b)(6) requires a party to demonstrate "extraordinary circumstances."  *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

A motion filed pursuant to Rule 60(b)(5) or (6) "must be made within a reasonable time."  USCIT Rule 60(c)(1).  Whether to grant relief pursuant to this rule is discretionary.  *See Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1295 (Fed. Cir. 2013).

## Discussion

### I. Rule 60(b)(5)

#### A. Parties' Contentions

Fontaine grounds its Rule 60(b)(5) request in the court's April 18, 2025 Order that required Commerce to issue amended final results with respect to Fontaine.  Pl.'s Mot. at 11.  Fontaine asserts that it now requests "*additional* relief" in the form of pre-liquidation refunds.  *Id.* (emphasis added).  Fontaine seeks to distinguish the court's denial of pre-liquidation refunds in *Coalition IX* by asserting that the amount of interest accruing on its cash deposit payments is "too significant to ignore."  *Id.* at 11–12.  According to Fontaine, the equities favor granting its motion because the amount of

interest will exceed Fontaine's estimate of what it would cost CBP to hire additional employees to process pre-liquidation refunds. *See id.* at 17–18.

The Government argues that Fontaine has not identified "a significant change in fact or law warranting relief from judgment" or demonstrated "that the equities favor the granting of such relief." Def.'s Resp. at 5. The Government asserts that Fontaine's reliance on the amount of accrued interest is not a relevant change for purposes of Rule 60(b)(5) and the burden on CBP continues to outweigh any harm to Fontaine from awaiting liquidation. *Id.* at 6–9; *see also* Decl. of Connor Snitker ¶¶ 6–10, ECF No. 65 (discussing the steps and time involved in manually processing pre-liquidation refunds). The Government also contends that Fontaine's public interest argument should fail because "Fontaine fails to establish that an allegation of harm not specific to itself should be part of the consideration of the equities under Rule 60(b)(5)," Fontaine's argument "was not properly raised," and, lastly, that "Fontaine has not explained why alleged harm to the public fisc constitutes a significant change in factual conditions or law." Def.'s Resp. at 7 n.1. The Coalition advances similar arguments. *See* Def.-Int.'s Resp. at 6–8.

 **B. Analysis**[6]

The court first considers whether circumstances have materially changed since the court entered judgment or required Commerce to publish amended final results with

---

[6] Relief from a final judgment (or order) when "applying it prospectively is no longer equitable," USCIT Rule 60(b)(5), is limited to a final judgment (or order) that has *prospective* application, *Comm. Overseeing Action for Lumber Int'l Trade Investigations*

Court No. 19-00154												Page 9

respect to Fontaine. *See Horne*, 557 U.S. at 447; *Rufo*, 502 U.S. at 384. They have not. Fontaine instead points to "a significant change from the circumstances of the [Excluded Companies]," namely, the interest accruing on Fontaine's cash deposits relative to theirs. Pl.'s Mot. at 11–12. However, a claimed distinction between Fontaine and other companies is not a change in factual circumstances for purposes of Rule 60(b)(5). That alone is enough to deny Fontaine's motion with respect to Rule 60(b)(5). *See Rufo*, 502 U.S. at 384 (consideration of an appropriate modification is necessary only when the movant meets its initial burden of establishing changed circumstance).

Even if the changed circumstances requirement had been met, Fontaine has not shown that the equities favor granting its motion. To the extent Fontaine seeks to make an argument grounded in the public interest, i.e., the public fisc, *see* Pl.'s Mot. at 16–18, it is not at all clear that Fontaine is the appropriate party to make such an argument, *see, e.g.*, *Rufo*, 502 U.S. at 381 (discussing the public interest consideration with respect to a consent decree that "reach[ed] beyond the parties involved directly in the suit" to impact matters of public concern). Additionally, Fontaine has not argued, or

---

*or Negots. v. United States* (*Coalition VI*), 47 CIT __, __, 665 F. Supp. 3d 1347, 1354 (2023). "[A] final judgment or order has prospective application for purposes of Rule 60(b)(5) only where it is executory or involves the supervision of changing conduct or conditions." *Id.* (quoting *Tapper*, 833 F.3d at 170–71); *see also id.* (finding that the court's August 18, 2021 Judgment had prospective force because it "imposed an *ongoing* cash deposit requirement" (citation and internal quotation marks omitted)). Not all judgments are prospective. While Fontaine does not explain why the judgment in this case has such prospective force or why pre-liquidation refunds on prior importations are properly construed as *relief from* the judgment (or other final court order), neither the Government nor the Coalition argues that Fontaine's motion should be denied on this basis. Thus, the court need not address the prospective force requirement.

made any relevant showing, "that CBP's decision not to process pre-liquidation refunds has caused any financial distress, loss of business opportunities, or any other harm that may tip the scales of equity in its favor." Def.-Int.'s Resp. at 7–8. "The interest on any excess cash deposits paid will continue to accrue until liquidation, providing the statutorily provided offset to any harm arising from the unavailability of the funds until that time." *Coalition IX*, 779 F. Supp. 3d at 1310. Accordingly, Fontaine is not entitled to relief pursuant to Rule 60(b)(5).

## II.    Rule 60(b)(6)

### A.    Parties' Contentions

Fontaine contends that it has established the "extraordinary circumstances" required for relief pursuant to Rule 60(b)(6). Pl.'s Mot. at 12. Those circumstances include the procedural posture of this case, namely, exclusion from the *CVD Order* after several years of cash deposits, and "the amount of interest accruing compared to the [claimed] cost of providing pre-liquidation refunds." *Id.* Regarding the procedural posture, Fontaine asserts that "[e]xclusion from an order after an appeal," as occurred here, is unusual, and the "excluded party's claim to refund is greater than and different from the claim for refund in the context of an administrative review of a party included under an order." *Id.* at 12–13. That is because, Fontaine contends, "the unlawful decision by Commerce" led to CBP's collection and retention of cash deposits in the first instance. *Id.* at 13. Fontaine argues that the delay experienced by an interested party obtaining a lower duty rate in an administrative review is typically shorter than the delay Fontaine is experiencing after its exclusion from the *CVD Order*. *See id.*

Even if the case were "unusual, or even extraordinary," the Government contends, this would be "insufficient to merit relief," particularly when the circumstances surrounding this case "do not merit limiting CBP's statutory discretion over whether to issue pre-liquidation refunds." Def.'s Resp. at 11–12. The Government avers that Fontaine's cost-based argument is misplaced because it is based on unsupported assumptions about governmental hiring ability and resource allocation. Id.

The Coalition contends that the "extraordinary circumstance" required to merit relief is absent here. Def.-Int's Resp. at 8–9. It argues that "the liquidation process in this case follows CBP's standard practice, which, by definition, does not amount to an extraordinary circumstance." Id. at 9.

B.   Analysis

The requirement for extraordinary circumstances is intended to preserve the finality of judgments. See BLOM Bank SAL v. Honickman, 605 U.S. 204, 213 (2025) (referring to the extraordinary circumstances test as a "very strict interpretation" of the rule that "is essential if the finality of judgments is to be preserved" (citation and internal quotation marks omitted)).  The court previously granted Fontaine relief pursuant to Rule 60(b)(6) after finding extraordinary circumstances "with respect to [the] particular jurisdictional and procedural posture" of this case.  Apr. 18, 2025 Order at 4.  The court thus required Commerce to implement Fontaine's "zero percent cash deposit rate" through publication of a Federal Register notice. Id. at 6.

The court does not reach the same conclusion here with respect to pre-liquidation refunds.  The court has long recognized that "the absence of certainty"

Court No. 19-00154    Page 12

surrounding the "final assessment of . . . duties is a characteristic of the retrospective system of administrative reviews designed by Congress." *SKF USA Inc. v. United States*, 31 CIT 951, 960, 491 F. Supp. 2d 1354, 1363 (2007) (quoting *Abitibi–Consol. Inc. v. United States*, 30 CIT 714, 724, 437 F. Supp. 2d 1352, 1361 (2006)). Likewise, the amount of time that will be necessary to conclude all administrative and judicial proceedings affecting the subject entries is uncertain. *See* Def.-Int.'s Resp. at 8 (noting that "the standard practice for returning deposits [on any particular group of entries] is for CBP to wait until all administrative and judicial proceedings from both the CVD and AD proceedings are finalized"). Thus, any delay experienced by Fontaine in obtaining refunds via the normal course of liquidation because of its participation in parallel proceedings, while perhaps unfortunate, is not an extraordinary circumstance sufficient to merit pre-liquidation refunds. As the court previously discussed, both above and in *Coalition IX*, the interest that will continue to accrue on Fontaine's cash deposits offsets any harm from the delay in receiving the funds, such that the delay does not constitute an extraordinary circumstance. *See Coalition IX*, 779 F. Supp. 3d at 1310. Accordingly, Fontaine is not entitled to relief pursuant to Rule 60(b)(6).[7]

---

[7] Fontaine separately urges the court to "order Commerce to issue new instructions to CBP authorizing CBP to provide pre-liquidation refunds pursuant to 19 U.S.C. § 1520(a)(4), if necessary, and find that CBP abuses its discretion by refusing to provide pre-liquidation refunds to Fontaine." Pl.'s Mot. at 14. Fontaine makes no colorable argument that Commerce's authorization is necessary for CBP to act; it merely proposes that it might be. *See id.* at 14–15. Regardless of any such instruction, the court previously observed that although "CBP may have granted previous requests for pre-liquidation refunds, neither now, nor then, was CBP required to make such pre-liquidation refunds." *Coalition IX*, 779 F. Supp. 3d at 1309 (internal citation omitted).

Court No. 19-00154 Page 13

### CONCLUSION AND ORDER

For the reasons discussed herein, it is hereby **ORDERED** that Fontaine's motion for relief from final judgment (ECF No. 53) is **DENIED**.

/s/     Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: March 6, 2026
         New York, New York

---

Fontaine further argues that "CBP abuses its discretion in denying Fontaine's request for pre-liquidation refunds." Pl.'s Mot. at 16. While Fontaine attempts to tie its argument for refunds pursuant to 19 U.S.C. § 1520(a)(4) to the company's request for relief under Rule 60(b)(5) and (6), *see id.* at 18, Fontaine fails to articulate the basis for judicial review of any such decision by CBP generally, or in this case specifically. Accordingly, and because the court otherwise finds that Fontaine is not entitled to relief, the court declines to further address this argument.